IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL REZENTE and CHRISTY FRIEND | : | NO. 09-4178 |

O'NEILL, J.                                                                                                                                                               February 3, 2010

**MEMORANDUM**

      Plaintiff IKON Office Solutions, Inc. brought this action against defendants Michael Rezente and Christy Friend, two of its former employees, seeking equitable relief and damages for alleged breach of contract, misappropriation of confidential information and trade secrets, interference with actual and prospective business relations and unfair competition. Plaintiff alleges the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Subject matter jurisdiction, therefore, is based solely on 28 U.S.C. § 1331. Defendants have filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) or 1406(a) and an alternative motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).[1] I have before me defendants' motion, plaintiff's response in opposition, defendants' reply and plaintiff's sur-reply. For the reasons set forth below I will grant defendants' motion pursuant to § 1406(a) for improper venue. Rather than dismiss the action, in the interests of justice I will transfer this case to the United States District Court for the Eastern District of California.

---

       [1]     Pending before me are plaintiff's motion for temporary restraining order and preliminary injunction and plaintiff's motion to compel discovery. Because of my decision with respect to venue, I will not consider these motions.

BACKGROUND

IKON is in the business of selling, leasing and servicing office equipment such as copiers and printers. IKON is an Ohio corporation with its principal place of business in Malvern, Pennsylvania and has several other office locations including one in Sacramento, California. It is a corporate citizen of Ohio and Pennsylvania. Defendants Rezente and Friend are citizens and residents of California. Rezente was hired by IKON on November 27, 2007 and Friend was hired in October 22, 2009. They both were employed in IKON's Sacramento office. On the dates defendants respectively commenced employment, each executed a Confidentiality and Non-Solicit Agreement which contains the following forum selection clause:

> *Forum Selection Clause*. Any and all causes of action for equitable relief relating to the enforcement of this Agreement may, in the Company's sole discretion, be brought in the United States District Court for the Eastern District of Pennsylvania . . . . The parties agree that the provisions of this paragraph benefit both the Company and Employee. Any and all causes of action by and between the Company and Employee can be quickly and efficiently resolved in a previously agreed upon forum which will not unduly burden either the Company and Employee, and which will substantially aid the Company and Employee in providing the opportunity for uniform treatment with respect to any issues relating to the covenants contained in this Agreement.

Friend resigned on July 13, 2009 and soon after Rezente resigned on July 31, 2009. Subsequently, both defendants began working for Delta Copy Systems, Inc. ("DCSI"), a direct competitor of IKON located in Sacramento. IKON alleges that defendants violated their post-employment obligations to IKON by, among other things, soliciting IKON customers and directing those customers' business to DCSI as well as soliciting IKON employees in violation of the agreements.

2

DISCUSSION

Defendants have filed a motion to transfer venue or, in the alternative, to dismiss for lack of personal jurisdiction and venue. "While the question of personal jurisdiction is typically decided in advance of venue, a court may proceed to the consideration of venue whenever there is sound justification for its doing so." Centimark Corp. v. Saffold, Civ. A. No. 07-342, 2007 WL 2317350, at *1 (W.D. Pa. Aug. 8, 2007) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979)). Defendants argue this court lacks personal jurisdiction because the forum selection clause does not cover this action and because the clause is unconscionable. Here, the decision as to whether this Court has personal jurisdiction over the defendants requires consideration of the contracts in dispute. Specifically, it would require me to determine the scope and reasonableness of the forum selection clause. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 and 15 (1972) (finding forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," or because the clause is "invalid for such reasons as fraud or overreaching."). Therefore, I will proceed to defendants' request to transfer venue.

Defendants seek to transfer this case on the basis that venue is improper. "In a diversity case, whether venue is proper rests on the federal venue statute, not the existence of a forum selection clause." Campanini v. Studsvik, Inc., Civ. A. No. 08-5910, 2009 WL 926975, at *3 (E.D. Pa. Apr. 6, 2009) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29 n. 8, 108 S.Ct. 2239 (1988); Jumara, 55 F.3d at 877-78). Section 1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

3

been brought." 28 U.S.C. § 1406(a).  Jurisdiction in this case is founded solely on diversity of citizenship, therefore there are only three proper venues where the case can be brought: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Venue is not proper under § 1391(a)(1) because both defendants reside in California. Venue is proper under § 1391(a)(3) only if one of the defendants "is subject to personal jurisdiction [in this district] at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3).  Here, there is a district, namely the Eastern District of California, where venue is proper.  Thus, § 1391(a)(3) will not provide a basis for venue in the Eastern District of Pennsylvania as there exists a "district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3); see Loeb v. Bank of America, 254 F. Supp. 2d 581, 586 (E.D. Pa. 2003) (citing Henshell Corp. v. Childerston, Civ. A. No. 99-2972, 1999 WL 549027, at *3 (E.D. Pa. July 28, 1999); Tucker v. Interscope Records, Inc., Civ. A. No. 98-4288, 1999 WL 80363, at *3 (E.D. Pa. Feb. 17, 1999)).

Therefore, venue is proper in this district only if "a substantial part of the events or omissions giving rise to the claim occurred" here.  28 U.S.C. § 1391(a)(2).  The Court of Appeals has held "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." Cottman Transmission Systems v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  The test for determining venue, therefore, "is not the defendant's 'contacts' with a

particular district, but rather the location of those 'events or omissions giving rise to the claim.'" Id., at 294 (citing Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994)).

      A substantial part of the events giving rise to plaintiff's complaint that defendants solicited IKON customers and employees allegedly did not occur in this district. Defendants argue that they were employed exclusively in IKON's Sacramento office and only serviced Sacramento area-based customers. Plaintiff does not allege or argue that defendants conducted this activity in Pennsylvania or that the customers or employees were located in Pennsylvania. Furthermore, defendants allegedly gained access to and misappropriated plaintiff's confidential information and trade secrets through their computers in California. The new company for which defendants work and to which the alleged illicit gains are being funneled is also located in California.

      Plaintiff argues in response that venue is proper because defendants availed themselves of employment with IKON and signed the agreements with IKON. It further argues that defendants "engaged in regular interaction with IKON's Pennsylvania-based computers and Pennsylvania-based personnel." In support, plaintiff cites two Michigan district court cases in which the defendants' motion to dismiss for improper venue were denied because the employers were headquartered in Michigan and the employees were required to interact with Michigan-based computers and personnel. Kelly Servs., Inc. v. Eidnes, 530 F. Supp. 2d 940, 949 (E.D. Mich. 2008); Kelly Servs., Inc. v. Noretto, 495 F. Supp. 2d 645, 655 (E.D. Mich. 2007). I do not find these cases persuasive. Assuming the data that defendants accessed was stored on computers located in Pennsylvania, the defendants allegedly accessed the data from computers in California. Thus, as the Court of Appeals found under similar circumstances in Cottman, 36 F.3d at 295,

"[e]ven though the result was . . . [felt] in Pennsylvania, the [acts or] omissions bringing about this result actually occurred in [California]."

The events cited by plaintiff merely relate to "contacts" defendants had with Pennsylvania. However, "incidental events . . . that have only some tangential connection with the dispute in litigation are not enough" to demonstrate venue is proper. Loeb, 254 F. Supp. 2d at 587 (citing Cottman, 36 F.3d at 294; Babn Tech. Corp. v. Bruno, 25 F. Supp. 2d 593, 597-98 (E.D. Pa. 1998)). Thus, plaintiff's allegations of contacts with this district are insufficient to meet the "substantial" requirements of § 1391(a)(2).

As venue is improper in this district, I will, in the interests of justice, transfer this action to the Eastern District of California where the action could have been brought originally.[2] 28 U.S.C. § 1406(a).

An appropriate Order follows.

---

[2] Because this action will be transferred to the Eastern District of California under § 1406(a), I need not consider defendants' argument that transfer is also appropriate under 28 U.S.C. § 1404(a).