UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

IKON OFFICE SOLUTIONS, INC.,

        Plaintiff,

   v.

MICHAEL REZENTE and CHRISTY FRIEND,

        Defendants.
_____/

NO. CIV. 2:10-1704 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO STRIKE

----oo0oo----

        Plaintiff Ikon Office Solutions, Inc. ("Ikon") brought this action in the United States District Court for the Eastern District of Pennsylvania against defendants Michael Rezente and Christy Friend alleging breach of contract, misappropriate of trade secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq., interference with actual and prospective business relations, interference with contractual relations, and unfair competition in violation of California Civil Code §§ 17200, 17500, and 17508. (Compl. (Docket No. 1).)

1

The action was subsequently transferred to this court on the basis of improper venue. (Docket No. 37); 28 U.S.C. § 1406(a). Before the court is defendants' motion to strike plaintiff's First Amended Complaint ("FAC").

I.  Factual and Procedural Background

Ikon sells, leases, and services office equipment and systems including copiers and printers, and provides services including technical support, document outsourcing, equipment maintenance, and network facilities management. (Compl. ¶ 2.) Defendants are both former employees of Ikon who worked in its Sacramento, California "Marketplace." (Id. ¶¶ 3, 6.) Rezente was an Area Sales Manager who resigned on July 31, 2009, and Friend was an Account Executive who resigned on July 13, 2009. (Id. ¶¶ 3, 6.) Plaintiff alleges that defendants now both work for Delta CopySystems, Inc. ("DCSI"), a direct competitor of plaintiff, and that defendants have violated their post-employment obligations to it by soliciting Ikon customers and employees and misappropriated confidential Ikon trade secrets and information. (Id. ¶¶ 5, 9-10.)

Plaintiff's verified Complaint was originally filed in the United States District Court for the Eastern District of Pennsylvania on September 15, 2009. (Docket No. 1.) That court granted plaintiff's motion for expedited discovery on September 22, 2009 (Docket No. 4) and granted defendants' motion to transfer venue to the Eastern District of California on February 3, 2010. (Docket No. 37.) The case was transferred on July 2, 2010 (Docket No. 44), after the Court of Appeals for the Third Circuit denied plaintiff's petition for a writ of mandamus.

(Docket No. 43.)

Plaintiff filed its FAC immediately upon transfer to this court on July 2, 2010. (Docket No. 45.) Plaintiff's FAC no longer seeks preliminary injunctive relief, no longer asserts causes of action for breach of contract, interference with actual business relations, or interference with contractual relations, and no longer includes original Exhibits A and B which were allegedly copies of defendants' signed non-compete agreements. (Compare Compl. with FAC.) It also adds a cause of action for breach of fiduciary duty and the duty of loyalty and includes new exhibits A through D-2. (See FAC.)

Presently before the court are defendants' motion to strike plaintiff's FAC under Federal Rule of Civil Procedure 12(f) for failure to obtain their consent or the court's leave in violation of Rule 15(a)(2).

II.  Discussion

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants move to strike on the grounds that plaintiff failed to obtain defendants' consent or leave of the court as required under Rule 15(a)(2). Plaintiff's Complaint was filed September 15, 2009, defendants filed a motion to dismiss for lack of jurisdiction or to transfer venue of November 11, 2009, and plaintiff filed its FAC on July 2, 2010. Defendants also argue that they served plaintiff with the motion for sanctions pursuant to Rule 11(c)(2)--filed with the court on July 16, 2010--on February 11, 2010.

3

Under the version of Rule 15 in place at the time plaintiff filed its Complaint, "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." A motion to dismiss pursuant to Rule 12 is not considered a "responsive pleading" for Rule 15 purposes, and plaintiffs could freely amend their complaints once as a matter of course after being served with a motion to dismiss in lieu of an answer. Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n. 3 (9th Cir. 2000) (citing Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000)). Because defendants' November 11, 2009 motion to dismiss for lack of jurisdiction was served while the old version of Rule 15 was still in effect, this motion did not terminate plaintiff's right to amend its Complaint as a matter of course under the old Rule 15.

Rule 15 was amended on December 1, 2009 to provide:
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it; or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Significantly, Rule 12 motions to dismiss now trigger the clock for plaintiffs seeking to amend their Complaint as a matter of course. By order of the Supreme Court dated March 26, 2009, the amendment should "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order, 2009 U.S. Order 17 (Mar. 26, 2009) (emphasis added). Because retroactively applying the amended version of Rule 15 to defendants' November 11, 2009 motion to dismiss would

4

not be just in this case, the version of Rule 15 then in-effect shall apply to defendants' motion to dismiss.

Defendants also assert that they served plaintiff with their motion for sanctions seeking dismissal on February 11, 2010 and that, under Rule 11 and the version of Rule 15 now in effect, plaintiff had until March 4, 2010 to file its FAC. See Fed. R. Civ. P. 11(c)(2) (stating that a party must serve the motion to the party under Rule 5 but not file or present it to the court until the party has had 21 days after service to withdraw or correct the alleged sanctionable conduct), 15(a)(1). Rule 7(a) outlines the seven "pleadings" allowed in federal court, none of which is a motion for sanctions. Defendants fail to provide any law that holds that a Rule 11 motion for sanctions is a "responsive pleading" for Rule 15(a) purposes such that it starts the twenty-one day clock by which a plaintiff may amend its complaint as a matter of course. As plaintiff filed its FAC before defendants filed their Rule 12(f) motion to strike or their Answer (Docket No. 48), plaintiff was entitled to amend once as a matter of course pursuant to Rule 15(a)(1)(B). Defendants' motion to strike will accordingly be denied.

IT IS THEREFORE ORDERED that defendants' motion to strike be, and the same hereby is, DENIED.

Pursuant the stipulation of the parties, IT IS FURTHER ORDERED that all orders entered in this case by the United States District Court for the Eastern District of Pennsylvania before the matter was transferred to this court, other that the order of transfer itself, are hereby VACATED and SET ASIDE.

1 | DATED:   September 13, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE