UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

IKON OFFICE SOLUTIONS, INC.,    NO. CIV. 2:10-1704 WBS KJM

       Plaintiff,

   v.    MEMORANDUM AND ORDER RE: MOTION TO DISMISS

MICHAEL REZENTE and CHRISTY FRIEND,

       Defendants.
_____/

----oo0oo----

Plaintiff Ikon Office Solutions, Inc. ("Ikon") brought this action against defendants Michael Rezente and Christy Friend arising out of defendants' former employment with plaintiff. The First Amended Complaint ("FAC") alleges misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426-3426.11, interference with prospective economic relations, breach of duty of loyalty and fiduciary duty, and unfair competition under California's Unfair Competition Law ("UCL") and false advertising laws, Cal. Bus. & Prof. Code §§

17200-17210, 17500, and 17508.  Presently before the court is defendants' motion to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

I.   Factual and Procedural Background

Ikon sells, leases, and services office equipment and systems including copiers and printers, and provides services including technical support, document outsourcing, equipment maintenance, and network facilities management.  (FAC ¶ 2.)  Both defendants are former employees of Ikon who worked in its Sacramento, California, "Marketplace."  (Id. ¶¶ 3, 7.)  Rezente was an Area Sales Manager who resigned on July 31, 2009, and Friend was an Account Executive who resigned on July 13, 2009.  (Id.)  Plaintiff alleges that defendants now both work for Delta CopySystems, Inc. ("DCSI"), a direct competitor of plaintiff, and that defendants have violated their post-employment obligations to it by soliciting Ikon customers and employees and misappropriating Ikon trade secrets and confidential information.  (Id. ¶¶ 5-6, 9-10.)

In its FAC, plaintiff brings claims for misappropriation of trade secrets under CUTSA, interference with prospective economic relations, breach of duty of loyalty and fiduciary duty, and unfair competition under the UCL.  Presently before the court is defendants' motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II.  Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable

2

inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556-57).

     A.   CUTSA Misappropriation of Trade Secrets Claim

     To state a claim for misappropriation of trade secrets under CUTSA, a plaintiff must allege (1) the existence of a trade secret and (2) misappropriation of the trade secret.  Gabriel Tech. Corp. v. Qualcomm Inc., No. 08 CV 1992, 2010 WL 3718848, at *8 (S.D. Cal. Sept. 20, 2010).  A trade secret is:

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).  A plaintiff is required to "describe the subject matter of the trade secret with sufficient

<u>particularity</u> to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." <u>Imax Corp. v. Cinema Tech., Inc.</u>, 152 F.3d 1161, 1164-65 (9th Cir. 1998) (internal quotation mark omitted).

Plaintiff alleges that the trade secrets misappropriated by defendants included:

> the books and records of Ikon, the confidential customer list and account information contained therein, including the identity of Ikon customers, their names and addresses, agents and account managers, business and financial dealings, the transactions in their Ikon accounts, purchase requirements, purchasing history and patterns, servicing terms and conditions, lease agreement lengths, expirations, and terms, equipment configurations, customer plans, preferences, and communicated needs, interconnectivity opportunities, profitability considerations, Ikon's strengths and weaknesses with its customers, and other business and financial information concerning Ikon products, prices, pricing schedules, profitability considerations, marketing strategies, leasing terms, vendors, costs, training techniques, distribution and delivery systems, and/or other market considerations . . . .

(FAC ¶ 71.)  While some of this information may fall into the category of general knowledge in the trade or special knowledge of persons skilled in the trade, plaintiff has sufficiently alleged the existence of trade secrets.  Specifically, a customer list that an employer has expended time and effort to build is protected as a trade secret.  <u>See, e.g.</u>, <u>MAI Sys. Corp. v. Peak Computer, Inc.</u>, 991 F.2d 511, 520-21 (9th Cir. 1993); <u>Hollingsworth Solderless Terminal Co. v. Turley</u>, 622 F.2d 1324, 1333 (9th Cir. 1980); <u>Reeves v. Hanlon</u>, 33 Cal. 4th 1140, 1155-56 (2004); <u>Morlife, Inc. v. Perry</u>, 56 Cal. App. 4th 1514, 1520-23 (1st Dist. 1997); <u>Courtesy Temp. Serv., Inc. v. Camacho</u>, 222 Cal. App. 3d 1278, 1287-88 (2d Dist. 1990); <u>Am. Credit Indem. Co. v. Sacks</u>, 213 Cal. App. 3d 622, 630-32 (2d Dist. 1989).

4

Taking the description of the information as true, plaintiff must have expended considerable time and effort to acquire it. The amount of information itself is alleged to be considerable, as Rezente was responsible for overseeing services for "1,400-2,500 copiers" and "several hundred" customers, and Friend was responsible for "275 Ikon customers." (FAC ¶¶ 18, 25.) Plaintiff has alleged that its customer information provided plaintiff "with a significant advantage or 'head start' over its competitors who do not have and could not readily, if ever, obtain that amount or amalgam of information." (Id. ¶ 34.) Plaintiff has also alleged that the customer information was not generally known to the public and that plaintiff took appropriate measures to protect the information. (See id. ¶¶ 37-40, 73-74.) Thus, plaintiff has sufficiently alleged the existence of trade secrets.[1]

---

[1] Defendants cite to Ikon Office Solutions, Inc. v. Am. Office Prods., Inc., 178 F. Supp. 2d 1154 (D. Or. 2001), which held that the defendant was entitled to summary judgment on a claim for misappropriation of trade secrets because the plaintiff had not established that certain customer information constituted a trade secret. The information in that case included the identity of the plaintiff's customers, names of contact persons at those companies, information regarding each account, and pricing information and marketing strategies of the plaintiff. Id. at 1167-70. However, that information was not considered to be a trade secret because Eugene, Oregon, was a "small market" and "only a few dozen names" were at issue, so a competitor could easily learn all the necessary information by doing its own research, and there was no evidence that information regarding pricing or marketing was actually taken. Id. This case, in contrast, involves information that would take considerable time and effort to obtain. Defendants Rezente and Friend were themselves responsible for "several hundred" customers and "275 Ikon customers," respectively (FAC ¶¶ 18, 25), and Rezente is alleged to have misappropriated information for "all or almost all of the customers serviced by Ikon's entire Sacramento sales force." (Id. ¶ 42.) These allegations are sufficient to allege trade secrets for purposes of a motion to dismiss.

5

As to the second prong, plaintiff has alleged that defendants misappropriated the alleged trade secrets. "Misappropriation" means:

> (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (2) Disclosure or use of a trade secret of another without express or implied consent by a person who:
>
> (A) Used improper means to acquire knowledge of the trade secret; or
>
> (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:
>
> (i) Derived from or through a person who had utilized improper means to acquire it;
>
> (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use . . . .

Cal. Civ. Code § 3426.1(b).[2] Misappropriation can occur when an employee solicits customers using a former employer's customer list. See MAI Sys., 991 F.2d at 521; Am. Credit, 213 Cal. App. 3d at 634. As the statute explains, even unlawful acquisition of a trade secret can constitute misappropriation. See S.O.S., Inc. v. Payday Inc., 886 F.2d 1081, 1090 (9th Cir. 1989).

Plaintiff alleges that Rezente accessed plaintiff's customer information hours before his resignation, taking "massive amounts of records showing Ikon's account information for all or almost all of the customers serviced by Ikon's entire

---

[2] To the extent that plaintiff relies on a theory of inevitable disclosure, which is not recognized in California, the misappropriation claim must fail. See FLIR Systems, Inc. v. Parrish, 174 Cal. App. 4th 1270, 1277 (2d Dist. 2009). However, plaintiff also alleges wrongful acquisition and actual use, which are proper theories of misappropriation. (See, e.g., FAC ¶¶ 41-43, 46-50, 60-61.)

Sacramento sales force."[3] (FAC ¶ 42.) Plaintiff also alleges that Friend took two customers of another Ikon employee to DCSI and also completed a transaction at DCSI for a customer that she had been working with at Ikon. (Id. ¶¶ 42, 47, 50.) Friend allegedly made six sales for DCSI in the four to six weeks following her resignation from Ikon and did $100,000 worth of business, in contrast to having made no sales in her last twelve weeks at Ikon. (Id.) While these allegations may not be the strongest evidence of misappropriation of the customer lists, they are sufficient for plaintiff to survive dismissal. Plaintiff should be allowed to conduct discovery and determine the actual use to which its customer lists were put. Accordingly, the court will deny defendants' motion to dismiss the CUTSA claim.[4]

    B.    <u>Interference with Prospective Economic Relations Claim</u>

        CUTSA provides the exclusive remedy for trade secret misappropriation under California law. See <u>Silvaco Data Sys. v. Intel Corp.</u>, 184 Cal. App. 4th 210, 236 (6th Dist. 2010) ("We thus reaffirm that CUTSA provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil

---

[3] The fact that Rezente was still an employee at the time is not dispositive. See <u>Courtesy Temp. Serv., Inc. v. Camacho</u>, 222 Cal. App. 3d 1278, 1287-91 (2d Dist. 1990) (granting preliminary injunction for misappropriation of customer information that former employee allegedly acquired while still employed by former employer). Plaintiff has clearly alleged the precautions it took to keep the information within the company. (<u>See</u> FAC ¶¶ 37-40.)

[4] Defendants' contention that plaintiff must show that public policy weighs in favor of the protection is incorrect. Such a showing was required under the common law, but is not required under CUTSA. See <u>O'Very v. Spectratek Techs., Inc.</u>, No. CV 03-00540, 2004 WL 5642004, at *5 (C.D. Cal. July 26, 2004).

remedies 'based upon misappropriation of a trade secret.'") (quoting Cal. Civ. Code § 3426.7); see also Gabriel Techs. Corp., 2009 WL 3326631, at *11.  CUTSA therefore preempts all claims that are "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 958 (6th Dist. 2009) (quoting Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)) (internal quotation marks omitted).  In other words, preemption generally applies where "there is no material distinction" between the wrongdoing underlying the CUTSA claim and the non-CUTSA claim.  See Phoenix Techs. Ltd. v. DeviceVM, No. C 09-04697, 2009 WL 4723400, at *4 (N.D. Cal. Dec. 8, 2009). "[O]ther civil remedies that are not based upon misappropriation of a trade secret" and contractual or criminal remedies are not preempted.  Cal. Civ. Code § 3426.7(b).

Plaintiff's claim for interference with prospective economic relations is based on defendants' use of confidential customer lists and other information, diversion of plaintiff's goodwill with respect to those customers, and violations of plaintiff's statutory trade secret rights.  (FAC ¶ 79.)  The only allegation that is distinct from plaintiff's CUTSA claim is the diversion of plaintiff's goodwill.  Because this allegation arises from facts different from the claim of misappropriation of trade secrets, the claim is not preempted by CUTSA.[5]

---

[5] Defendants argue that plaintiff's non-CUTSA claims are also barred by Cal. Bus. & Prof. Code § 16600, which states that "[e]xcept as provided in this chapter, every contract by which

However, plaintiff has failed to allege facts sufficient to state a claim.  The elements of a claim of intentional interference with prospective economic relations are: (1) an economic relationship between the plaintiff and a third party containing the probability of future economic benefit; (2) knowledge by the defendant of the relationship; (3) acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the acts of the defendant.  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1153 (2003).  The plaintiff "must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself."  <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, 11 Cal. 4th 376, 393 (1995).

Plaintiff does not allege any specific instances in which defendants diverted its goodwill, but provides one example

---

anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Cal. Bus. & Prof. Code § 16600.  It is unclear why this statute, which bars restrictive covenants in employment contracts, would apply to tort claims not based on any contract.  <u>See</u> <u>Edwards v. Arthur Andersen LLP</u>, 44 Cal. 4th 937, 941 (2008) (holding that non-competition agreements between employers and employees are invalid under section 16600); <u>Retirement Grp. v. Galante</u>, 176 Cal. App. 4th 1226, 1238 (4th Dist. 2009) ("section 16600 bars a court from specifically enforcing (by way of injunctive relief) a <u>contractual</u> clause purporting to ban a former employee from soliciting former customers to transfer their business away from the former employer to the employee's new business, but a court may enjoin <u>tortious</u> conduct (as violative of either the Uniform Trade Secrets Act and/or the Unfair Competition Law) by banning the former employee from using trade secret information . . . .").

9

where Friend interfered with a prospective relationship. Friend had been preparing a sale for Ikon with a school district before resigning from Ikon, but then closed the sale on behalf of DCSI, not Ikon, shortly after leaving Ikon. (FAC ¶ 50.) While this perhaps satisfies most of the elements for intentional interference, it falls short of stating a claim. In particular, plaintiff has not alleged that defendants engaged in any conduct that was wrongful beyond interference itself. A former employee may freely use general knowledge, skills, and experience acquired under a former employer so long as the employee does not use or disclose trade secrets or other confidential information. See Morlife, 56 Cal. App. 4th at 1519. It is unclear, then, what the wrongful conduct could have been except defendants' alleged misappropriation of trade secrets, which is preempted. The court will dismiss the claim, giving plaintiff leave to amend if it is able to identify defendants' wrongful conduct apart from violations of CUTSA.

      C.    <u>Breach of Duty of Loyalty and Fiduciary Duty Claim</u>

      Plaintiff alleges that defendants breached their duty of loyalty and/or fiduciary duty by recruiting others to leave Ikon, scheming with others to remove or destroy records and use confidential information, scheming with others to misappropriate trade secrets and confidential business information, and failing to inform plaintiff of the threat to its interests. (FAC ¶ 83.) While most of the claims are based on the same nucleus of facts as the misappropriation of trade secrets claim, recruiting others to leave Ikon is a distinct fact. Thus, the claim is not entirely preempted by CUTSA.

The elements of a cause of action for breach of a duty of loyalty are: "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 410 (6th Dist. 2007). The duty of loyalty requires an agent "to act loyally for the principal's benefit in all matters connected with the agency relationship." Id. at 411.

Employees owe a duty of loyalty to their employers. See Stokes v. Dole Nut Co., 41 Cal. App. 4th 285, 295 (3d Dist. 1995) ("[D]uring the term of employment, an employer is entitled to its employees' undivided loyalty. . . . The duty of loyalty is breached . . . when the employee takes action which is inimical to the best interests of the employer.").[6]

Plaintiff alleges that defendants breached their duty of loyalty by recruiting others to leave Ikon. However, the only alleged recruitment that occurred before their employment ended was Rezente's recruitment of Friend; the other alleged recruitment attempts took place post-termination. (See FAC ¶¶ 48, 65, 68.) While Rezente's recruitment of Friend may constitute a breach, plaintiff has not alleged any damage proximately caused by that breach. Plaintiff's alleged damages

---

[6] Whether or not defendants were fiduciaries of plaintiff, they would still owe a duty of loyalty as employees. See Otsuka v. Polo Ralph Lauren Corp., No. C 07-02780, 2007 WL 3342721, at *2-3 (N.D. Cal. Nov. 9, 2007) (denying motion to dismiss breach of fiduciary duty claim and construing it as a breach of duty of loyalty claim); James v. Childtime Childcare, Inc., No. Civ. S-06-2676, 2007 WL 1589543, at *3 (E.D. Cal. June 1, 2007) (denying motion to dismiss breach of fiduciary duty claim because all employees owe a "fiduciary-like" duty).

occurred as a result of the alleged misappropriation of trade secrets, rather than from the loss of one employee. (See FAC ¶¶ 83-84.) Since plaintiff has failed to allege damages resulting from any breach of the duty of loyalty, and the rest of the claim is preempted by CUTSA, the court will dismiss plaintiff's claim for breach of duty.

   D.   UCL Claim

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff "must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (2d Dist. 1993). Plaintiff alleges violations of the "unlawful" and "unfair" prongs of the UCL. (Opp'n to Defs.' Mot. to Dismiss the FAC at 20:12-14 (Docket No. 79).)

"Under its 'unlawful' prong, 'the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL.'" Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (4th Dist. 2007) (quoting Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1st Dist. 1999)). "Thus, a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." Id.

When used in a claim against a competitor, the "unfair" prong of the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the

12

1  same as a violation of the law, or otherwise significantly
2  threatens or harms competition." Cel-Tech Commc'ns, Inc. v. L.A.
3  Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999).
4       To the extent that plaintiff's UCL claim is based on
5  defendants' conduct in violation of CUTSA, it is preempted.
6  Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094,
7  1111 (E.D. Cal. 2010).  Plaintiff's only other allegation that
8  could be used to support a UCL claim is that defendants
9  disseminated false statements about plaintiff.  (FAC ¶ 87
10 ("Defendants . . . have disseminated false statements,
11 misrepresentations, and disparaging comments about Ikon's
12 business, products, and services to unfairly divert to DCSI the
13 goodwill Ikon has spent significant time, effort, and expense
14 building up with customers.").)  However, the only statement
15 alleged with reasonable particularity as required by the UCL is
16 that Friend stated that "'the grass is greener' at DCSI."  (Id. ¶
17 48.)  It is unclear how this statement could be construed as
18 unlawful or a threat to competition.  Accordingly, the court will
19 dismiss plaintiff's UCL claim.
20      IT IS THEREFORE ORDERED that defendants' motion to
21 dismiss plaintiff's First Amended Complaint be, and the same
22 hereby is, GRANTED as to plaintiff's claims for interference with
23 prospective economic relations, breach of duty of loyalty and
24 fiduciary duty, and violations of the UCL, and DENIED in all
25 other respects.
26      Plaintiff may therefore proceed under the First Amended
27 Complaint on its CUTSA claim for misappropriation of trade
28 secrets.  If plaintiff wishes to amend the complaint to cure the

1  defects explained above, it may do so within twenty days from the
2  date of this Order.  Otherwise, the case will proceed only on the
3  misappropriation of trade secrets claim in the First Amended
4  Complaint.
5  DATED:  December 8, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE