1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10                           ----oo0oo----
11
12  IKON OFFICE SOLUTIONS, INC.,        NO. CIV. 2:10-1704 WBS EFB
13            Plaintiff,
                                        <u>MEMORANDUM AND ORDER RE:</u>
14       v.                             MOTION TO DISMISS
15  MICHAEL REZENTE and CHRISTY
    FRIEND,
16
             Defendants.
17  _____/
18
19                           ----oo0oo----
20        Plaintiff Ikon Office Solutions, Inc. ("Ikon") brought
21  this action against defendants Michael Rezente and Christy Friend
22  arising out of defendants' former employment with plaintiff.
23  Plaintiff's Second Amended Complaint ("SAC") alleges claims for
24  misappropriation of trade secrets under the California Uniform
25  Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426-3426.11,
26  interference with prospective economic relations, and breach of
27
28
                                 1

1  duty of loyalty.[1]  (Docket No. 90.)  Presently before the court

2  is Christy Friend's motion to dismiss the claims against her for

3  interference with prospective economic relations and breach of

4  duty of loyalty for failure to state a claim pursuant to Federal

5  Rule of Civil Procedure 12(b)(6).

6  I.  Factual and Procedural Background

7         Plaintiff sells, leases, and services office equipment

8  and systems including copiers and printers, and provides services

9  including technical support, document outsourcing, equipment

10  maintenance, and network facilities management.  (SAC ¶ 2.)

11  Friend began working for plaintiff on October 22, 2008, in its

12  Sacramento, California, "Marketplace" as an Account Executive.

13  (Id. ¶ 6.)  Friend was responsible for the sale and lease of

14  plaintiff's equipment, systems, and services, and the general

15  management of customer relationships and account services for

16  approximately 275 customers.  (Id. ¶¶ 23-24.)

17         Friend resigned from employment with plaintiff on July

18  13, 2009.  (Id. ¶ 6.)  Plaintiff alleges that Friend now works

19  for Delta Copy Systems, Inc. ("DCSI"), a direct competitor of

20  plaintiff.  (Id. ¶¶ 5, 8.)  Plaintiff alleges that in the months

21  before her resignation, Friend deliberately delayed and failed to

22  conclude deals that she had "been working on for quite some time"

23  for plaintiff so that she could finalize them after her

24  resignation on behalf of DCSI.  (Id. ¶ 79, 82-83.)  Friend

25  allegedly failed to conclude any transactions for plaintiff in

26

27         [1]   The court previously granted in part and denied in part
    defendants' motion to dismiss the First Amended Complaint.  (Dec.
28  9, 2010, Order (Docket No. 85).)

1 the twelve weeks prior to her resignation.  (<u>Id.</u> ¶ 46.)  Within a

2 few weeks of her employment with DCSI, though, Friend allegedly

3 stated that she had closed six deals for DCSI since joining the

4 company and had already transacted $100,000.00 in revenue.

5 (<u>Id.</u> ¶ 83.)  One of those transactions was a new contract with a

6 school district that she had been working on for five months on

7 behalf of plaintiff.  (<u>Id.</u> ¶¶ 49, 77.)  When the school district

8 account was going to be transferred to another sales

9 representative weeks before Friend's resignation as part of a

10 territory realignment, Rezente blocked the transfer, allegedly in

11 an attempt to delay the closing of the transaction.  (<u>Id.</u> ¶ 78.)

12 The school district eventually signed a contract with DCSI.

13 (<u>Id.</u> ¶ 84.)

14 II.  <u>Discussion</u>

15          On a motion to dismiss, the court must accept the

16 allegations in the complaint as true and draw all reasonable

17 inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416

18 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>

19 <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322

20 (1972).  "To survive a motion to dismiss, a complaint must

21 contain sufficient factual matter, accepted as true, to 'state a

22 claim to relief that is plausible on its face.'"  <u>Ashcroft v.</u>

23 <u>Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting

24 <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  This

25 "plausibility standard," however, "asks for more than a sheer

26 possibility that a defendant has acted unlawfully," and where a

27 complaint pleads facts that are "merely consistent with" a

28 defendant's liability, it "stops short of the line between

1  possibility and plausibility." <u>Iqbal</u>, 129 S. Ct. at 1949

2  (quoting <u>Twombly</u>, 550 U.S. at 556-57) (internal quotation mark

3  omitted).

4        In general, a court may not consider items outside the

5  pleadings upon deciding a motion to dismiss, but may consider

6  items of which it can take judicial notice.  <u>Barron v. Reich</u>, 13

7  F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial

8  notice of facts "not subject to reasonable dispute" because they

9  are either "(1) generally known within the territorial

10 jurisdiction of the trial court or (2) capable of accurate and

11 ready determination by resort to sources whose accuracy cannot

12 reasonably be questioned." Fed. R. Evid. 201.  Judicial notice

13 may properly be taken of matters of public record outside the

14 pleadings. <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th

15 Cir. 1986) (taking judicial notice of a motion to dismiss in a

16 separate suit).  Plaintiff has asked the court to take judicial

17 notice of several items on this docket; as these are matters of

18 public record, the court will take judicial notice of them.

19     A.   <u>Breach of Duty of Loyalty Claim</u>

20       Plaintiff alleges that Friend breached her duty of

21 loyalty by recruiting others to leave Ikon, failing to inform

22 Ikon of her conflict of interest, deliberately stalling and

23 preventing the transaction of business and the closing of

24 potential deals in order to steer and close the deals on behalf

25 of DCSI, and encouraging potential Ikon customers to delay or

26 reject concluding any deal with Ikon.  (SAC ¶ 134.)

27       The elements of a cause of action for breach of a duty

28 of loyalty are: "(1) the existence of a relationship giving rise

to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 410 (6th Dist. 2007).  The duty of loyalty requires an agent "to act loyally for the principal's benefit in all matters connected with the agency relationship." Id. at 411.

Employees owe a duty of loyalty to their employers. See Stokes v. Dole Nut Co., 41 Cal. App. 4th 285, 295 (3d Dist. 1995) ("[D]uring the term of employment, an employer is entitled to its employees' undivided loyalty. . . .  The duty of loyalty is breached . . . when the employee takes action which is inimical to the best interests of the employer.") (citations and internal quotation marks omitted).

Plaintiff's allegations regarding Friend's recruitment of other employees are insufficient to constitute breach of loyalty, as the recruitment allegedly took place after Friend's employment, and thus her duty of loyalty, ended. (See SAC ¶¶ 47, 67.)  However, the allegations regarding her obstruction of deals while employed for plaintiff are sufficient to state a claim. During her employment, a relationship between Friend and plaintiff existed giving rise to a duty of loyalty, and she allegedly breached that duty by not only failing to do her job but actively preventing deals that it was job to make.  Plaintiff alleges that these breaches resulted in damages of lost business. (Id. ¶ 135.)

Friend argues that the allegations concerning the delay and prevention of deals during her employment are preempted by CUTSA, which provides the exclusive remedy for trade secret

1   misappropriation under California law.  <u>See</u> <u>Silvaco Data Sys. v.</u>

2   <u>Intel Corp.</u>, 184 Cal. App. 4th 210, 236 (6th Dist. 2010) ("We

3   thus reaffirm that CUTSA provides the exclusive civil remedy for

4   conduct falling within its terms, so as to supersede other civil

5   remedies 'based upon misappropriation of a trade secret.'")

6   (quoting Cal. Civ. Code § 3426.7), <u>disapproved of on other</u>

7   <u>grounds by</u> <u>Kwikset Corp. v. Sup. Ct.</u>, 51 Cal. 4th 310 (2011); <u>see</u>

8   <u>also</u> <u>Gabriel Techs. Corp. v. Qualcomm Inc.</u>, No. 08cv1992, 2009 WL

9   3326631, at *11 (S.D. Cal. Sept. 3, 2009).  CUTSA preempts all

10  common law claims that are "based on the same nucleus of facts as

11  the misappropriation of trade secrets claim for relief."  <u>K.C.</u>

12  <u>Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.</u>, 171

13  Cal. App. 4th 939, 958 (6th Dist. 2009) (quoting <u>Digital Envoy,</u>

14  <u>Inc. v. Google, Inc.</u>, 370 F. Supp. 2d 1025, 1035 (N.D. Cal.

15  2005)) (internal quotation marks omitted).

16       In other words, preemption generally applies where

17  "there is no material distinction" between the wrongdoing

18  underlying the CUTSA claim and the non-CUTSA claim.  <u>See</u> <u>Phoenix</u>

19  <u>Techs. Ltd. v. DeviceVM</u>, No. C 09-04697, 2009 WL 4723400, at *4

20  (N.D. Cal. Dec. 8, 2009) (quoting <u>Convolve, Inc. v. Compaq</u>

21  <u>Computer Corp.</u>, No. 00 CV 5141, 2006 WL 839022, at *6 (S.D.N.Y.

22  Mar. 31, 2006) (applying California law)).  "[O]ther civil

23  remedies that are not based upon misappropriation of a trade

24  secret" and contractual or criminal remedies are not preempted.

25  Cal. Civ. Code § 3426.7(b).

26       The facts relevant to plaintiff's breach of duty of

27  loyalty claim are distinct from those relevant to the

28  misappropriation claim.  Plaintiff alleges in its

1   misappropriation of trade secrets claim that defendants took
2   plaintiff's customer lists and other alleged trade secrets to
3   DCSI and used the trade secret information to make sales on
4   behalf of DCSI.  (See SAC ¶¶ 90-125.)   The loyalty claim is
5   essentially based on allegations that during her employment,
6   Friend sabotaged her work for plaintiff; the misappropriation
7   claim is based on allegations that Friend took and used trade
8   secrets in her new employment.  Because these allegations are not
9   based on the same nucleus of facts, plaintiff's loyalty claim is
10  not preempted.
11          Accordingly, the court will deny Friend's motion to
12  dismiss the breach of duty of loyalty claim against her.[2]
13          B.   Interference with Prospective Economic Relations Claim
14          The elements of a claim of intentional interference
15  with prospective economic relations are: (1) an economic
16  relationship between the plaintiff and a third party, with the
17  probability of future economic benefit to the plaintiff; (2)
18  knowledge by the defendant of the relationship; (3) intentional
19  acts by the defendant designed to disrupt the relationship; (4)
20  actual disruption of the relationship; and (5) economic harm
21  proximately caused by the acts of the defendant.  Korea Supply
22  Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003).  As
23  part of the third element, the plaintiff "must plead and prove as
24  part of its case-in-chief that the defendant not only knowingly

25  _____

26      [2]   Defense counsel made a passing reference to a
    "causation and damages" argument at oral argument without fully
    explaining what the argument entailed.  The court finds that
27  plaintiff sufficiently alleged causation and damages to survive
    the motion to dismiss, and will not speculate as to what else
28  counsel may have meant by that argument.

interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, 11 Cal. 4th 376, 393 (1995); <u>Korea Supply Co.</u>, 29 Cal. 4th at 1154.

Plaintiff alleges that Friend interfered in several unidentified economic relationships as well as the relationship with the school district by sabotaging the completion of deals while working for plaintiff and then completing identical deals on behalf of DCSI soon after her resignation. Plaintiff has certainly alleged that Friend had knowledge of these relationships, that the relationships were actually disrupted, and that plaintiff was harmed by Friend's acts in that it lost business. However, the parties dispute whether plaintiff has sufficiently alleged that the relationships contained the probability of future economic benefit or that Friend committed any independently wrongful acts to disrupt the relationships.

With respect to the first element, the tort of interference with prospective economic relations applies to "interference with <u>existing</u> noncontractual relations which hold the promise of future economic advantage. In other words, it protects the expectation that the relationship eventually will yield the desired benefit, not necessarily the more speculative expectation that a potentially beneficial relationship will eventually arise." <u>Westside Ctr. Assocs. v. Safeway Stores 23, Inc.</u>, 42 Cal. App. 4th 507, 524 (5th Dist. 1996); <u>see</u> <u>id.</u> at 527 ("Without an existing relationship with an identifiable buyer, [the plaintiff's] expectation of a future sale was 'at most a

1 hope for an economic relationship and a desire for future

2 benefit'" (quoting <u>Blank v. Kirwan</u>, 39 Cal. 3d 311, 331 (1985));

3 <u>Roth v. Rhodes</u>, 25 Cal. App. 4th 530, 546 (4th Dist. 1994)

4 (holding that, in doctor's lawsuit based on defendants' refusal

5 to lease office space to him, doctor failed to allege requisite

6 "existing relationship" because future patients were merely

7 "speculative").

8        Plaintiff has sufficiently alleged that its economic

9 relationship with the school district contained the probability

10 of future economic benefit.  Before Friend resigned, she and

11 Rezente blocked a transfer of the school district account so that

12 she could remain on the account.  Friend had been working with

13 the school district for five months on a contract on behalf of

14 plaintiff, and yet DCSI signed a contract with the school

15 district within weeks of Friend's arrival.  This is sufficient to

16 survive a motion to dismiss by plausibly alleging that the school

17 district would have signed the contract with plaintiff but for

18 Friend's actions.

19        California regulations generally requiring school

20 districts to allocate contracts based on a competitive bidding

21 process, <u>see</u> Cal. Pub. Contract Code § 20111, do not alter the

22 court's conclusion that plaintiff has sufficiently alleged the

23 probability of future economic benefit.  Several exceptions to

24 the bidding requirement exist.  <u>See</u> <u>id.</u> § 20118.  The court

25 cannot determine, based on the facts alleged, whether the school

26 district contract would be subject to the competitive bidding

27 requirement.  Plaintiff is required on a motion to dismiss to

28 allege sufficient facts, accepted as true, to state a plausible

1   claim to relief, not to disprove every set of facts that could

2   potentially keep it from succeeding on that claim.  <u>See</u> <u>Iqbal</u>,

3   129 S. Ct. at 1949.  Accordingly, plaintiff has sufficiently

4   alleged the first element.

5           As to the third element, independently wrongful conduct

6   designed to disrupt the relationship, the California Supreme

7   Court has explained that "an act is independently wrongful if it

8   is unlawful, that is, if it is proscribed by some constitutional,

9   statutory, regulatory, common law, or other determinable legal

10  standard."  <u>Korea Supply Co.</u>, 29 Cal. 4th at 1159.

11          The wrongful conduct plaintiff alleges Friend engaged

12  in includes the conduct the court found to be sufficiently

13  alleged in the breach of duty of loyalty claim: preventing

14  contracts from reaching completion while in plaintiff's employ.

15  The alleged breach of the duty of loyalty is sufficient to show

16  that Friend allegedly engaged in conduct that was wrongful in

17  itself.  Accordingly, plaintiff has sufficiently pled its

18  interference with prospective economic relations claim and the

19  court will deny Friend's motion to dismiss that claim.

20          IT IS THEREFORE ORDERED that Christy Friend's motion to

21  dismiss the interference with prospective economic relations and

22  breach of duty of loyalty claims against her in plaintiff's

23  Second Amended Complaint be, and the same hereby is, DENIED.

24  DATED:   April 13, 2011

25

26  _____

27  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

28

                                10