UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

IKON OFFICE SOLUTIONS, INC.,

        Plaintiff,

   v.

MICHAEL REZENTE and CHRISTY FRIEND,

        Defendants.
_____/

NO. CIV. 2:10-1704 WBS EFB

ORDER

----oo0oo----

After the court denied defendant Christy Friend's motion to dismiss plaintiff's Second Amended Complaint on April 13, 2011 (Docket No. 103), defendants moved for summary judgment on April 25, 2011. (Docket No. 105.) Plaintiff requests a continuance of the motion pursuant to Federal Rule of Civil Procedure 56(d) in order to conduct discovery.[1]

---

[1] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 1, 2010. Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's notes on 2010 amendments.

1

1         Federal Rule of Civil Procedure 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  For a court to grant a Rule 56(d) continuance, the party requesting it "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  A court "should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment."  Id.

         Plaintiff's request, along with the declaration by plaintiff's counsel Thomas T. Loder, meets this standard.  While defendants argue that plaintiff has already had the opportunity to conduct discovery, requests under Rule 56(d) must be liberally construed.  See Visa Int'l Sys. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).  Here, plaintiff was entitled to rely on the Status (Pretrial Scheduling) Order (Docket No. 87), which sets August 26, 2011, as the discovery completion date.

         THEREFORE, in order to afford plaintiff the full benefit of the discovery time allowed in the scheduling order,
///
///

IT IS HEREBY ORDERED that defendants' motion for summary judgment is DENIED without prejudice to being renewed after August 26, 2011.[2]

DATED: May 4, 2011

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff seeks an award of fees and costs associated with bringing this ex parte application, but provides no legal basis for its request. Accordingly, the court will not award fees and costs.