IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| **IKON OFFICE SOLUTIONS, INC.,** | |
| **Plaintiff,** | |
| v. | **CASE NO. 10-01704 WBS CKD** |
| **MICHAEL REZENTE** | **ORDER** |
| and | Judge: Hon. William B. Shubb |
| **CHRISTY FRIEND,** | Complaint Filed: September 15, 2009 |
| | FAC Filed: November 2, 2010 |
| **Defendants.** | SAC Filed: December 28, 2010 |

## O R D E R

WHEREFORE, upon consideration of the terms set forth below to which Plaintiff IKON Office Solutions, Inc. ("IKON"), and Defendants Michael Rezente ("Rezente") and Christy Friend ("Friend") have agreed, the pleadings and submissions of record, and being otherwise duly advised in the premises, **IT IS HEREBY ORDERED AND DECREED THAT,** pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, Rezente and Friend (collectively, "Defendants") are each enjoined and restrained, both directly and indirectly, and whether alone or in concert with any agent, representative, employee of any third party, including Delta Copy Systems, Inc. ("DCSI") or other future employer, or any other person or third party, as follows:

1.     <u>Confidential Information</u>.  Defendants shall not use or disclose, for any business purpose, any confidential business information concerning IKON's customers, including any and all sales opportunities, top account or "hit list" listings, equipment placements, equipment installation duties, equipment specifications, equipment or lease terms or purchase prices, lease installation dates, lease or sales revenue levels or amounts, Machines-In-Field Reports ("MIF"), or What If Reports, past transactions, past or current sales proposals, sales strategies, RFP information or analysis, customer equipment or systems configurations, customer contacts or purchasing managers, IKON's pricing schedules and/or discount terms, customer preferences, contact persons, IKON quarterly or other periodic forecasts, anticipated sales or pipeline information, account problems, IKON marketing strategies, profitability analyses, prices, costs, contract terms, lease expiration dates or terms, maintenance or service agreement expiration dates or terms, supplies contract expiration dates or terms, the terms of any other contract, credit or payment term, financial terms or conditions, or other account-related, sales-related or other confidential business information that Defendants learned, received, created, reviewed, had sent to him/her on his/her IKON laptop or office computer, accessed in IKON's computer database, worked on, or used, at any time during his/her employment with IKON (all of which above-described types of information being hereinafter referred to as "Confidential Information").  Confidential Information shall not include information which is in the public domain or becomes generally available to the public other than as a result of a disclosure by or through Defendants.  This prohibition against Defendants' direct or indirect use or disclosure of information shall apply to each Defendant whether he/she is or was acting alone or acting in concert with any one or more other persons, including any agent, employee, officer or other representative of DCSI, or any other employer or company with which either Defendant has been or may hereafter become employed, under contract with, providing services to, interested in, or otherwise affiliated with, at any time.

2. <u>Return of Records/Confidentiality Assurances</u>.  Defendants shall return to IKON, within five (5) business days of entry of this Order, all information Defendants ever received, generated, accessed, or created, had sent to him/her on his/her IKON laptop computer, accessed in IKON's computer database, or reviewed at IKON, that has any customer name or information on it, and all Confidential Information, whether said information is in the form of original or copied documents, computer data, computer memory, electronic memory, computerized or recorded medium or form, reproduced or transcribed form, full or partial form, or any other medium or form (including, but not limited to, computer disks, software, USB portable devices, zip drives, thumb drives, Palm Pilots, laptop computers, CD's, memory sticks or any other electronic or recording medium of any kind).  If Defendants previously had possession of or control over such information, or any other document, electronically stored information, computerized data, computer memory, recorded information, or other copied or reproduced information containing the name or account information of any IKON customer, any IKON employee, concerning any IKON lease, or concerning any IKON sales data obtained by him/her during his/her employment with IKON ("Other Information"), but has destroyed or relinquished possession thereof at any time since July 30, 2009, Defendants shall identify in an addendum, to be signed, notarized and returned to IKON within said five (5) business day period, describing with reasonable particularity what documents, material or information he or she destroyed (or caused to be destroyed), the manner in which he or she destroyed (or caused the destruction of) such information, the person(s) involved in destroying such information and/or any and all persons to whom he or she relinquished possession of said Confidential Information or Other Information described herein.  Defendants shall not, directly or indirectly, retain any such Confidential Information or Other Information, in any form or medium.

The obligation to return the Confidential Information and Other Information described in this Paragraph shall extend to the complete retrieval and return of any and all such Confidential

Information or Other Information which Defendants have in his/her possession, over which he/she has control, and/or to which he/she has access, including, but not limited to, the recovery and return of any and all such Confidential Information or Other Information provided by him/her at any time to DCSI, or to any other third party or person (including any and all representatives, employees, officers or agents of DCSI, or those of any other business, company or entity).  Defendants shall return any and all Confidential Information and Other Information to counsel for IKON (Thomas T. Loder, Esquire, c/o Duane Morris LLP, United Plaza, 30 South 17th Street, Philadelphia, PA 19103).

3. Nothing in this Order is intended to prevent or limit the defendants from working in the copier industry, or fairly competing with IKON.

4. By agreement of the parties, no bond shall be required in support of the injunction described by this Order.

5. The parties shall each pay their own costs, fees and expenses incurred prior to the entry of this Order.

6. The Court approves the parties' agreement that exclusive jurisdiction over any and all disputes arising under or concerning this Order, or otherwise concerning the terms of the parties' separate Settlement Agreement and Release, shall be conferred in and upon this Court in the above-captioned United States District Court proceeding and that all proceedings, hearings and motions be held before or decided by Judge Shubb or Magistrate Judge Brennan (and the parties hereby waive any objection to the jurisdiction of Magistrate Judge Brennan).  Accordingly, any further action, filings or proceedings concerning enforcement or adjudication of the terms of this Order, or the Settlement Agreement and Release between Defendants and IKON, shall be filed in this Court as a related matter to the above-captioned proceeding.

7. In accordance with the terms hereof, and the agreement of the parties to the terms of the Settlement Agreement and Release referenced herein, these proceedings shall be dismissed with prejudice.

8. Any and all pending motions, and all possible claims or motions that have been or could have been brought in connection with this action, are hereby denied and otherwise dismissed with prejudice.

DATED:  October 5, 2011          IT IS SO ORDERED:

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND DATED: August 26, 2011

| For:  Plaintiff IKON Office Solutions, Inc. | For:  Defendants MICHAEL REZENTE and CHRISTY FRIEND |
|---|---|
| By:      /s/  Terrance J. Evans<br>By its Counsel<br>Richard L. Seabolt (SBN 67469)<br>Terrance J. Evans (SBN 227671)<br>Duane Morris LLP<br>One Market Plaza, Spear Tower<br>Suite 2200<br>San Francisco, CA  94105-1127<br>T:  415.957.3000<br>F:  415.957.3001<br>Email: rlseabolt@duanemorris.com<br>         tjevans@duanemorris.com<br><br>Thomas T. Loder (*Pro Hac Vice*)<br>Sean K. Burke (*Pro Hac Vice*)<br>DUANE MORRIS LLP<br>30 South 17th Street<br>Philadelphia, PA 19103<br>T:  215-979-1246/7352<br>F:  215-979-1020<br>Email:    ttloder@duanemorris.com<br>             sburke@duanemorris.com<br><br>*Counsel for Plaintiff*<br>*IKON Office Solutions, Inc.* | By:      /s/  Mark E. Ellis<br>Mark E. Ellis, Esquire<br>Mia Rosenfeld, Esquire<br>The Ellis Law Group, LLP<br>555 University Avenue, Suite 200 East<br>Sacramento, CA  95825<br><br>*Counsel for Defendants*<br>*Michael Rezente and Christy Friend* |